Pacheco, Petitioner and Appellee, v. Becerra, Clerk of the Municipal Court of Yauco, Respondent and Appellant.

Appeal from the District Court of Ponce in Mandamus Proceedings.

No. 2254.—Decided July 16, 1920.

Summons—Municipal Courts—Appearance.—If a defendant is summoned within the territorial jurisdiction of a district court, whether the summons is issued by the district court or by any of the municipal courts within such territory, the defendant has only ten days within which to answer.

The facts are stated in the opinion.

Mr. T. Paz, Jr., for the appellant.

Mr. R. Arjona Siaca for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Juan José Pacheco brought an action in the Municipal Court of Yauco against Adolfo Nones to recover damages in the sum of $475. The defendant was summoned at the Rufina central in the municipality of Guayanilla, which forms a part of the municipal judicial district of Ponce and is beyond the jurisdiction of the Municipal Court of Yauco, both municipalities being within the jurisdiction of the District Court of Ponce. Ten days after the service of the summons, and the defendant not having pleaded to the complaint, the plaintiff asked the clerk of the Municipal Court of Yauco to note the default of Nones and enter judgment against him. The clerk refused to comply with the request on the ground that the defendant had twenty days within which to plead, because he had been summoned outside of the municipal district of Yauco, and that period had not expired. Thereupon plaintiff Pacheco petitioned the District Court of Ponce for a writ of mandamus to compel the said clerk to do what he had requested of him. The district court, after hearing the clerk, commanded him peremptorily to note the default of Nones and enter judgment against him, which order was appealed from to this court by the said clerk.

In view of the facts stated, the only question is whether defendant Nones had twenty days within which to plead to the complaint, or only ten days, and this question depends upon the construction to be given to the word "district" as used in section 89 of the Code of Civil Procedure.

Subdivision 3 of that section prescribes that the summons directed to the defendant must contain "a direction that the defendant appear and answer the complaint within ten days, if the summons is served within the district in which the action is brought; within twenty days if served out of the district, but in the Island of Porto Rico, and within forty days if served elsewhere."

For the proper construction of that statute we must bear in mind that the Code of Civil Procedure was adopted on March 1, 1904, for governing civil proceedings in the district courts and that it is applied to that class of cases prosecuted in the municipal courts because no special rules were enacted for the latter courts and the Act of March 10, 1904, reorganizing the judiciary, provided that proceedings in municipal courts must be conducted according to the rules and proceedings in force in the district courts.

Hence, the district referred to by the legislators in the said section was the judicial district of the respective district courts, and when a summons issued by a district court is served within its jurisdictional territory the defendant has only ten days within which to plead to the complaint. Consequently, whenever a defendant is summoned within the jurisdiction of a district court, whether the summons issued from the district court or from any of the municipal courts within its jurisdiction, the defendant has only ten days within which to appear and answer. To hold otherwise would establish the absurdity that a defendant may be given a longer time to answer when the action is brought in a municipal court, in which the amount in controversy can not exceed

five hundred dollars, than when he is sued for a larger amount in a district court; therefore the fact that the summons may be served out of the jurisdiction of the municipal court, but within that of the district court, can not alter this construction. The fact that the summons directs that the defendant must appear before a certain municipal court can not affect the construction to be given to the meaning of the word "district" as used by the legislators, nor can it be understood to mean a municipal judicial district for the purpose of determining the time within which a defendant must appear and answer. It is true, as alleged by the appellant, that, in accordance with section 82 of the said code, if the district in which the action is commenced is not the proper district for the trial, the defendant may demand that the trial be had in the proper district, but, this right being given to all defendants in actions before municipal courts as well as before district courts, it is clear that in this connection the word "district" can not have the same meaning as we have construed it to have in section 89. In section 82 it must be understood to refer to the district of a municipal or of a district court, as the case may be. Otherwise a right granted by law in actions before one court or the other would be destroyed.

It has been suggested that, considering the lack of clearness in the law and the language used in the summons, a defendant residing in another municipal district, although within the same judicial district, might believe in good faith that he had twenty days within which to answer or demur, and upon appearing for that purpose might find that his default had been entered for his failure to appear within ten days. But if such a thing should happen in practice, it is sure that the court, in the exercise of the powers conferred upon it by law and upon being satisfied of the good faith of the defendant, would open the default and allow the defendant to file his pleading.

The cases of *Orcasitas* v. *Márquez et al.,* 19 P. R. R. 454, and *Ortiz* v. *Gómez,* 21 P. R. R. 480, throw no light upon this matter.

The judgment appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Hutchison dissented.

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

I agree with the statement of the facts of the case as set out in the opinion of the majority of the court and dissent only in the application of the law.

I am of the opinion that the Act of March 1, 1904, providing that cases in the municipal courts must be conducted according to the rules and procedure in force in the district courts, is applicable *mutatis mutandis,* and, therefore, that the word "district" used in section 89 of the Code of Civil Procedure with reference to district courts, when applied to municipal courts, must refer to the districts of the municipal courts and not to those of the district courts, the same as the word "district" is understood in section 82 of the same code. The word "district" should have the same meaning and scope in both sections when applied to municipal courts. As regards the absurdity referred to by the majority of this court in support of this theory, the answer is that cases may also occur where a defendant in a district court, residing in a different district, is nearer the district court in which he is sued than is another defendant residing in the same district, and yet section 89 allows the former a longer time than it allows the latter within which to answer.

The judgment appealed from should be reversed.